UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WARD,<br><br>    Petitioner,<br><br>    v.<br><br>BOEING, Warden,<br><br>    Respondent. | Case No. CV 18-10790 JFW(JC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |

## I. SUMMARY

On December 31, 2018, petitioner Charles Ward, a California prisoner who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Current Federal Petition"). Petitioner challenges the judgment in Los Angeles County Superior Court Case No. MA032463 ("State Case").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to refer the

///

///

Current Federal Petition to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PROCEDURAL HISTORY[2]

On May 5, 2008, a Los Angeles County Superior Court jury found petitioner guilty of second degree murder and second degree robbery in the State Case. On September 23, 2008, the trial court sentenced petitioner to an indeterminate term of eighteen years to life in state prison. On August 17, 2010, the California Court of Appeal, Second Appellate District ("California Court of Appeal") affirmed the judgment in Case No. B211186. On September 9, 2010, the Court of Appeal slightly modified the August 17, 2010 opinion, noted that there was no change in the judgment, and denied petitioner's petition for rehearing. On November 23, 2010, the California Supreme Court denied review without comment in Case No. S186413.

On December 6, 2011, petitioner filed the First Federal Petition challenging the judgment in the State Case. On October 30, 2014, the assigned United States Magistrate Judge issued a Report and Recommendation recommending denial of the First Federal Petition on the merits and dismissal of the First Federal Action with prejudice. On November 30, 2014, the assigned United States District Judge accepted the Report and Recommendation, denied the First Federal Petition on the

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from the Current Federal Petition and supporting documents and dockets/court records in the above-referenced state cases, in Charles E. Ward v. Brenda Cash, Central District of California Case No. CV 11-10090 ("First Federal Petition" or "First Federal Action"), and in Charles E. Ward v. Brenda Cash, Ninth Circuit Case No. 14-56952 ("Ninth Circuit Action"), of which this Court takes judicial notice. See Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of court records in other cases).

2

merits, and dismissed the First Federal Action with prejudice. Judgment was entered accordingly on December 1, 2014. The District Court denied petitioner a certificate of appealability.

On December 15, 2014, petitioner filed a Notice of Appeal. On August 26, 2015, the Ninth Circuit denied petitioner a certificate of appealability in the Ninth Circuit Action.

Petitioner thereafter sought, and was denied habeas relief in the Los Angeles County Superior Court, the California Court of Appeal (Case No. B287459) and the California Supreme Court (Case No. S249015).

As noted above, on December 31, 2018, petitioner filed the Current Federal Petition which again challenges the judgment in the State Case.

The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[3]

### III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274

///

---

[3] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

///

1   The First Federal Petition in the First Federal Action was denied on its
2   merits – not for a technical or procedural reason. Accordingly, the Current Federal
3   Petition is successive. Since petitioner filed the Current Federal Petition without
4   authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

## IV.   ORDER

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice. The Clerk of the Court is directed to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

IT IS SO ORDERED.

DATED: January 4, 2019

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE